IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:11-CV-103-FL

| | | |
|---|---|---|
| LARVETRA FULFORD, MACK MANN, JUSTIN McCOY, CARTER MIDGETTE, TYLAJUWON SHELTON, JARRETT SPENCER, FABIAN SPENCER, NORWOOD SPENCER, NICHOLAS SPENCER, MICHAEL WESTON, and LACY WHITAKER, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| WILSON DAUGHTRY, and DEBBIE DAUGHTRY, individually and doing business as ALLIGATOR RIVER FARMS, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion for sanctions (DE 80), and both parties' responses, (DE 114, 115, 116) regarding damages, to the court's previous order on summary judgment. The issues raised have been fully briefed. For the following reasons, defendants' motion for sanctions is denied, and damages are awarded in the amount of $400.00 per plaintiff.

## BACKGROUND

The court incorporates by reference its June 6, 2013, order for a more complete recitation of the background in this case, and briefly summarizes as follows. Plaintiffs filed complaint on June 20, 2011, alleging claims arising under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801, et seq., and Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. §§ 2000e, et seq. ("Title VII"). Plaintiffs are eleven (11) individuals who worked for defendants in March, 2010, planting broccoli on defendants' farm.

Both parties moved for summary judgment on September 17, 2012, for which the court heard oral arguments on December 20, 2012. The motions were granted in part and denied in part by order on June 6, 2013. Plaintiffs prevailed as to their claim for violations of AWPA's posting requirement, 29 U.S.C. § 1831(b). The parties were allowed supplemental briefings as to damages under AWPA, which were filed on June 27, 2013. There is also pending on the docket defendants' motion for Rule 11 sanctions filed November 20, 2012, to which plaintiffs' counsel responded in opposition on December 11, 2012.

## DISCUSSION

A.  Damages for violation of 29 U.S.C. § 1831(b)

As discussed in more detail in the court's June 6, 2013, order, defendants violated AWPA's posting requirements for employers of seasonal agricultural workers. On damages for this violation, AWPA provides that the court "may award damages up to and including an amount equal to the amount of actual damages, or statutory damages of up to $500 per plaintiff per violation." 29 U.S.C. § 1854(c)(1). The amount of statutory damages is within the discretion of the court. Beliz v. W.H. McLoad & Sons Packing Co., 765 F.2d 1317, 1332 (5th Cir.1985). To determine the amount of statutory damages under AWPA, the court considers: (1) the total award; (2) the nature and persistence of the violation; (3) the extent of the defendants' culpability; (4) damage awards in similar cases; (5) the defendants' ability to prevent future violations of AWPA; (6) the substantive or technical nature of the violations; and (7) the circumstances of each case. Howard v. Malcolm, 658 F. Supp. 423, 426 (E.D.N.C. 1987) (citing Beliz, 765 F.2d at 1332-33). AWPA authorizes the

court to consider any attempts made to resolve the dispute prior to resorting to litigation. 29 U.S.C. § 1854(c)(2). Furthermore, it should not be cheaper for defendants to violate AWPA than to comply with its requirements. Howard, 658 F. Supp. at 436 (citing Beliz, 765 F.2d at 1332).

The violation in this case is a technical one, where the poster was not accessible to workers but the substantive information in the poster was nonetheless distributed to them. See Bautista v. Zuniga, No. 4:11-CV-84, 2012 WL 1149300, at *3 (E.D.N.C. April 5, 2012); Howard, 658 F. Supp. at 436. However, the violation affected dozens of workers hired that season, not only the eleven plaintiffs in this case. Defendants had experience hiring agricultural workers, and they failed to post the required notice in a conspicuous location for those working in the fields. Defendants did have a poster with required information, it was just not in a location where workers could see it. Courts have dispersed a range of awards for violating AWPA's posting requirement. See, e.g., Herrera v. Singh, 103 F.Supp.2d 1244, 1252 (E.D. Wash. 2000) (awarding $300.00 per plaintiff for the posting violation, with a total award for AWPA violations of $34,000.00); Colon v. Casco, Inc., No. 86-0177, 1988 WL 159177, at *7 (D. Mass. Sept. 15, 1988) (awarding $500.00 per plaintiff for the posting violation, with total award of combined actual and statutory damages of over $14,000.00). In consideration of AWPA's purpose and the Beliz factors, the court awards plaintiffs with $400.00 per plaintiff for the violation of AWPA's posting requirement. The total award is therefore $4,400.00 where no other claims survived summary judgment.

B.  Defendants' Motion for Sanctions

Defendants move for sanctions against plaintiffs' attorneys and the organizations they work within, namely Legal Aid of North Carolina Farmworker Unit and the North Carolina Justice Center. Defendants argue that sanctions are warranted pursuant to Rule 11 of the Federal Rules of Civil

3

Procedure, or alternatively pursuant to 28 U.S.C. § 1927.

Rule 11 provides that when filing pleadings or motions with the court, an attorney or unrepresented party certifies that to the best of that persons's knowledge, the filing satisfies certain requirements. Fed. R. Civ. P. 11(b). These requirements include that the filing is not made for an improper purpose, that the claims are warranted by existing law, factual contentions have evidentiary support, and denials of contentions are warranted. See id. A party may move for sanctions when another party's conduct does not conform with Rule 11. If, after notice and reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule. Fed. R. Civ. P. 11(c)(1).

In the addition, 28 U.S.C. § 1927 makes counsel liable for excessive costs where

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. See also Blue v. United States Dep't of Army, 914 F.2d 525, 546 (4th Cir. 1990) ("In awarding sanctions [pursuant to 28 U.S.C. § 1927], a district court has the discretion to consider a broad range of factors.").

Upon consideration of defendants' motion and plaintiffs' counsel's response, the court finds that neither Rule 11 or 28 U.S.C. § 1927 has been violated. Defendants contend that plaintiffs' complaint contained several false factual allegations, which were relied upon by the court upon defendants' previous motion to dismiss. Plaintiffs' counsel responded with reasonable explanations for each factual allegation, and its corresponding evidentiary basis at the time it was made.

4

Furthermore, plaintiffs' counsel contends that some discovery disputes between the parties limited their access to evidence. See Resp. by Whitaker Counsel at 5-6; see also Morris v. Wachovia Securities, Inc., 448 F.3d 268, 279-80 (4th Cir. 2006) (finding no Rule 11 violation where an allegation in the complaint was based upon hearsay testimony and could not survive summary judgment).

Some of the factual allegations that defendants contend are false have evidentiary support. For example, defendants contend that plaintiffs were allowed to work in teams, and plaintiffs' allegations to the contrary in their complaint is false. However, there is evidence both that plaintiffs were and were not allowed to work in teams. See Fulford v. Daughtry, No. 4:11-CV-103, 2013 WL 2458368, at *2 (E.D.N.C. June 6, 2013); Wilson Daughtry Dep. 95-96 (stating that they "probably wouldn't have encouraged [working in teams] the first two days); Whitaker Dep. 25-26 (indicating that the Fox crew asked about working in teams, were told not to, but that it was allowed anyway). Other factual allegations that plaintiffs made, and then later found in discovery to be false, were corrected. For example, plaintiffs characterized a crew of workers as H-2A workers, and when they discovered that crew was not hired through the H-2A program, filed a notice to that effect (DE 76). Therefore, the court finds no basis for sanctions where plaintiffs' counsel acted reasonably in this case, and as such defendants' motion is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion for sanctions is DENIED. Plaintiffs are awarded $4,400.00 for defendants' violation of AWPA's posting requirement. The clerk is directed

5

Case 4:11-cv-00103-FL   Document 117   Filed 07/10/13   Page 5 of 6

to close this case.

SO ORDERED, this the 9th day of July, 2013.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
United States District Judge